Filed 4/22/26  Conservatorship of E.L. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| Conservatorship of the Person and Estate of E.L. | C104027 |
| SHASTA COUNTY PUBLIC GUARDIAN,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>E.L.,<br>　　　Objector and Respondent. | (Super. Ct. No. 25MH-0004166) |

E.L. appeals from an order issued after a bench trial appointing a conservator over her person and estate under the Lanterman-Petris-Short Act (LPS Act).  (Welf. & Inst. Code, § 5000 et seq.)[1]  She contends that the record does not affirmatively demonstrate that she knowingly and intelligently waived her right to a jury trial.  We agree and reverse.

BACKGROUND

E.L. has a lengthy history of mental illness, with multiple involuntary psychiatric holds and frequent nonadherence to treatment, including antipsychotic medication.  On April 9, 2025, the Shasta County Public Guardian (Public Guardian) petitioned to be appointed as E.L.'s temporary and permanent conservator under the LPS Act, alleging

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

that E.L. was gravely disabled because of a mental disorder.  The Public Guardian was appointed as temporary conservator the next day.

On May 6, 2025, the trial court held a hearing on the Public Guardian's request to be appointed as permanent conservator.  The clerk's minutes of this hearing differ from the reporter's transcript.  The minute order states that the court called the matter at 3:27 p.m., and E.L.'s counsel then informed the court that E.L. wished to contest the petition.  The minute order then says:  "The Court advises [E.L.] of her right to a Jury Trial.  [E.L.] waives her right to Jury Trial and consents to proceed with a Court Trial."  It then states that the court excluded potential witnesses from the courtroom and that E.L. was sworn and examined at 3:29 p.m., two minutes after the proceeding began.

The reporter's transcript contains no discussion of the trial court's advisement of E.L.'s right to a jury trial or E.L.'s waiver of that right, with the beginning of the proceedings as follows:

"BAILIFF:  Come to order.  Court is now in session.

"THE COURT:  Okay.  [E.L.]

"THE CLERK:  Yes.

"THE COURT:  The last one.  Did I keep my notes in there.  [¶]  Usually it takes longer for someone to sit down.  So you're [E.L.]?

"[E.L.]:  Yes, I am.

"THE COURT:  Nice to see you.  How are you today?

"[E.L.]:  I've had better days.  Hopefully [i]t'll end better.

"THE COURT:  You're not feeling so well?

"[E.L.]:  I'm feeling better than I was.

"THE COURT:  Okay.  You ready to go though?

"[E.L.]:  I'm ready to go home, yes.

"THE COURT:  Okay.

"[E.L.]:  Yes.

"THE COURT:  You understand what we're here for?

"[E.L.]:  Yes, I do.

"THE COURT:  Okay.  And you're contesting the conservatorship?

"[E.L.]:  That's right.

"THE COURT:  Okay.  And both parties are ready for a trial?"

Both counsel responded affirmatively, the trial court excluded witnesses from the courtroom, and E.L. was sworn in as the first witness.  E.L. was examined regarding her mental health history, and other witnesses testified.

At the conclusion of the bench trial, the trial court granted the petition, appointed the Public Guardian as permanent conservator, and ordered E.L. committed to a locked facility, with its order terminating May 5, 2026.

E.L. timely appealed.  This matter became fully briefed in this court on February 25, 2026, when the Public Guardian submitted a letter stating it would not be filing a respondent's brief.  The appeal was assigned to this panel on March 16, 2026.  Because no respondent's brief was filed, we decide the appeal based on the opening brief and record.  (Cal. Rules of Court, rule 8.220(a)(2).)

DISCUSSION

E.L. argues that the record fails to establish that she knowingly and intelligently waived her right to a jury for her conservatorship trial.  We agree.

"The LPS Act governs the involuntary detention, evaluation, and treatment of persons who, as a result of mental disorder, are dangerous or gravely disabled.  (§ 5150 et seq.)  The Act authorizes the superior court to appoint a conservator of the person for one who is determined to be gravely disabled (§ 5350 et seq.), so that he or she may receive individualized treatment, supervision, and placement (§ 5350.1)."  (*Conservatorship of John L.* (2010) 48 Cal.4th 131, 142.)  A proposed conservatee has "the right to demand a court or jury trial on the issue of whether the person is gravely disabled."  (§ 5350, subd. (d)(1).)  The LPS Act incorporates Probate Code section 1828, subdivision (a)(6),

3

which provides that "the court shall inform the proposed conservatee of … [¶] … [¶] … the right … to have the matter of the establishment of the conservatorship tried by jury." (*Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 908; see also *ibid.* [interpreting Prob. Code, § 1828, subd. (a)(6) as "requir[ing] a trial court to personally advise a proposed conservatee of his [or her] jury trial right"].) A proposed conservatee's waiver of his or her right to a jury trial must be knowing and voluntary. (*K.R. v. Superior Court* (2022) 80 Cal.App.5th 133, 143.)

Here, the minute order states that the trial court advised E.L. of her right to a jury trial and that E.L. waived that right; but the reporter's transcript contains no advisements or waiver. As a " 'general rule, … when, as in this case, the record is in conflict[,] it will be harmonized if possible; but where this is not possible[,] that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation]. Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case.' " (*People v. Smith* (1983) 33 Cal.3d 596, 599.) Given the circumstances in this case, we rely on the reporter's transcript, which reflects the transcription of the opening of the trial and the trial court's initial interactions with E.L.

Generally, the failure "to obtain a valid jury trial waiver … denies the defendant his or her statutory right to a jury trial on the entire cause in a civil commitment proceeding." (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1132.) This error "defies ordinary harmless error analysis" (*id.* at p. 1134) and is a " 'miscarriage of justice' within the meaning of California Constitution, article VI, section 13 [that] requires reversal without inquiry into the strength of the evidence in a particular case." (*Id.* at pp. 1132-1133; see *id.* at pp. 1132-1134 [reversing for failure to obtain valid jury trial waiver from offender with mental health disorder in civil commitment proceeding]; *K.R. v. Superior Court*, *supra*, 80 Cal.App.5th at pp. 143-144 [same in LPS proceeding].)

4

DISPOSITION

The order granting the petition for conservatorship is reversed, and the matter is remanded to the trial court for further proceedings.

/s/
FEINBERG, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
RENNER, J.